## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-118-GPM** |
| | ) | |
| **ESTATE OF NORMAN EARL SWAIN,** *et* | ) | |
| *al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT DECREE AND ORDER DIRECTING SALE

**MURPHY, District Judge:**

On February 11, 2011, Plaintiff United States of America commenced this mortgage foreclosure suit against Estate of Norman Earl Swain, Estate of Ruth Ann Swain, Gary Swain, Sheryl Burbage, Illinois Department of Revenue, Unknown Heirs and Legatees of Norman Earl Swain, Unknown Heirs and Legatees of Ruth Ann Swain, Unknown Owners, and Non-Record Claimants. Defendant Illinois Department of Revenue timely filed its answer on April 11, 2011. Defendants Estate of Norman Earl Swain, Estate of Ruth Ann Swain, Gary Swain, Sheryl Burbage, Unknown Heirs and Legatees of Norman Earl Swain, Unknown Heirs and Legatees of Ruth Ann Swain, Unknown Owners, and Non-Record Claimants (Defaulted Defendants) were defaulted by the Clerk of Court on June 22, 2011 (*see* Doc. 19). Plaintiff now moves for entry of a default judgment against Defaulted Defendants under Federal Rule of Civil Procedure 55(b) (Doc. 26), and Defendant Illinois Department of Revenue seeks summary judgment regarding the superiority of its property tax lien (Doc. 20). Both motions are **GRANTED**, and **IT IS ORDERED AND**

**ADJUDGED**:

1.     This Court has jurisdiction over the parties and subject matter of this suit. Defaulted Defendants were properly served and failed to answer or otherwise enter any appearance.

2.     The United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Norman Earl Swain and Ruth Ann Swain, secured by a mortgage dated September 21, 1993, in the total principal amount of $61,280.00. The mortgage was recorded on September 21, 1993, in Book 2936, Page 1573, Document No. A01187875. The loan is evidenced by a promissory note dated September 21, 1993. Defendants Norman Earl Swain and Ruth Ann Swain defaulted on the note. On November 10, 2010, the United States of America, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration.

3.     Defendants Estate of Norman Earl Swain, Estate of Ruth Ann Swain, Gary Swain, Sheryl Burbage, Unknown Heirs and Legatees of Norman Earl Swain, Unknown Heirs and Legatees of Ruth Ann Swain, Unknown Owners, and Non-Record Claimants may have claimed an interest in the above described property, but are foreclosed from asserting their claim, if any, because of their default in this action.

4.     By virtue of the mortgage and indebtedness thereby secured, the United States of America has a valid and subsisting lien as follows:

> Common address: 136 Lucia Lane, Shiloh, Illinois 62269

> Lot 29 of "2nd ADDITION TO LAKE SUZANNE ESTATES, being a subdivision of part of Lot 16 of the 1st Addition to Lake Suzanne Estates and part of Lot 73 of the N.E. 1/4 of Section 5, Township 1 North, Range 7 West of the 3rd P.M., Village of Shiloh, St. Clair County, Illinois"; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois, in Book of Plats "91", on page 65.

Except coal, gas, and other mineral rights excepted or reserved in prior conveyances.

Situated in St. Clair County, Illinois.

Parcel No. 09-05.0-201-041

5.      By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, the following amounts are due to Plaintiff United States of America:

(a)      For its own use and benefit for the costs of this suit and for:

U.S. Attorney's docket and recording fees  . . . .      $370.00

Fee to publish notice of pendency of action  . . .      $948.00

Title expenses . . . . . . . . . . . . . . . . . . . . . . . . . . .      $525.00

TOTAL      $1,843.00

(b)      For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

Unpaid principal balance . . . . . . . . . . . . . . . . . .      $57,836.97

Accrued interest at $11.2848 per day due and unpaid as of July 12, 2011 . . . . . . . . . . . . . . . .      $ 5,750.60

Total amount due Plaintiff as of July 12, 2011, exclusive of foreclosure costs  . . . . . . . . . . . . .      $63,587.57

(c)      In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

(d)      Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged property and Plaintiff is entitled to recover all such advances, costs, expenses and

disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)     In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged property.

(f)     In order to protect and preserve the mortgaged property, it may also become necessary for Plaintiff to make such repairs to the property as may reasonably be deemed necessary for the proper preservation thereof.

(g)     Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.     Defendant Illinois Department of Revenue, by virtue of its valid real estate tax liens on the above described property pursuant to the Senior Citizens Real Estate Tax Deferral Program, 320 ILCS 30/3, is owed $20,130.33 as of August 23, 2011, plus all penalties, interests, and costs that have accrued thereafter.  Illinois law governs the priority of the competing liens of Defendant Illinois Department of Revenue and the lien of Plaintiff on the above described property.  Defendant Illinois Department of Revenue's property tax liens are superior and have first priority over any other claims, including that of Plaintiff, to the above described property.  Funds from any foreclosure sale must be disbursed to Defendant Illinois Department of Revenue prior to any other lien holder or claimant.

7.     St. Clair County, Illinois, has a valid lien on the above-described property for tax for the year 2011, and the property will be sold subject to the interest of St. Clair County, Illinois, resulting from taxes, general or special, which are a valid lien against the above described property.

Accordingly, **JUDGMENT IS ENTERED** against Norman Earl Swain and Ruth Ann Swain for $65,430.57.  Unless Defendants, their assigns, or successors in interest to the above-described

property pay to Plaintiff United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this judgment decree the sum of $65,430.57 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the property described in paragraph 4 of this judgment decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to the lien of Illinois Department of Revenue and other taxes, general or special, due and owing to St. Clair County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the St. Clair County Courthouse in the City of Belleville, Illinois.  The property shall be sold free and clear of any claimed lien or other interest of Estate of Norman Earl Swain, Estate of Ruth Ann Swain, Gary Swain, Sheryl Burbage, Unknown Heirs and Legatees of Norman Earl Swain, Unknown Heirs and Legatees of Ruth Ann Swain, Unknown Owners, and Non-Record Claimants.

The United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this judgment decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale.  The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation.  Plaintiff or any party to this case may become the purchaser or purchasers at such sale.  Upon the sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of purchase, which certificate shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential property. The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential property is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the Report of Sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date 60 days after the date the Judgment/Order is entered because the Court finds that (1) the value of the mortgaged property as of the date of the Judgment/Order is less than 90% of the amount due under 735 ILCS § 5/15-1603 and (2) the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage. 735 ILCS § 5/15-1603(b)(3).

Out of the proceeds of such sale, the United States Marshal shall retain his disbursements and fees.  Out of the remainder of said proceeds, he shall pay to Defendant Illinois Department of Revenue, to Plaintiff, and to St. Clair County, Illinois, the remainder of said proceeds, together with lawful interest to be computed thereon to the date of this judgment decree and any court costs of this action.   The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale to this Court.  If

the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring any surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this judgment decree through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described property. After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the property upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment decree, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to Plaintiff with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court hereby **retains jurisdiction** over the subject matter and the parties hereto for the purpose of enforcing this judgment decree. The United States Marshal shall report his actions to this Court at the earliest possible time.

**IT IS SO ORDERED.**

DATED:  10/13/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge